3/24/2025 4:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 98819290
By: Monica Jackson
Filed: 3/24/2025 4:15 PM

**2025-19791 / Court: 157**

CAUSE NO. _____

| | | |
|---|---|---|
| **ANTONIA FANINI** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| vs. | § | ____ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **FIESTA MART, LLC** | § | |
| *Defendant.* | § | **HARRIS COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

**COMES NOW**, ANTONIA FANINI, hereinafter called Plaintiff, complaining of and about FIESTA MART, LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

**I. DISCOVERY CONTROL PLAN LEVEL**

1.  Pursuant to Texas Rule of Civil Procedure 190.1, discovery level II. Plaintiff affirmatively plead that this case is, on its facts, not appropriate for prosecution under the expedited actions process under Texas Rule of Civil Procedure 169.

**II. PARTIES AND SERVICE**

2.  Plaintiff, ANTONIA FANINI, is an individual residing in Harris County, Texas.

3.  Defendants FIESTA MART, LLC, is a Texas limited liability company may be served with process by serving its registered agent C T Corporation System at 1999 Bryan St., Ste. 900 Dallas, Texas 75201, or wherever it may be found.

**III. JURISDICTION AND VENUE**

4.  The subject matter in controversy is within the jurisdictional limits of this court.

5.  This court has jurisdiction over Defendants because they are Texas entities.

6. Venue is proper in Harris County, Texas; pursuant to Section 15.002 (s) (1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions occurred in this county.

## IV. MISNOMER/ALTER EGO

7. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/ or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

8. To the extent that any of the Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against such defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answer to this petition, such defendant(s) answer in its correct legal and assumed name.

## V. FACTS

9. On or about June 16, 2024, Plaintiff was an invitee on Defendant's premises located at 11006 Airline Dr, Houston, TX 77037, Store #28. While exercising reasonable care for Plaintiff's own safety and the safety of others, Plaintiff suffered injuries as a direct result of an unreasonably dangerous condition on Defendant's premises. The incident occurred when Plaintiff slipped on some food and liquid on the floor.

10. Defendant had actual and/or constructive knowledge of the unreasonably dangerous condition that caused Plaintiff's injuries. Defendant failed to use ordinary care to protect invitees from danger by failing to adequately warn Plaintiff of or make safe the dangerous condition. As the possessor of the premises, Defendant was in the best position to eliminate and/or

warn of the unreasonably dangerous condition. Defendant's failure to use reasonable care to protect Plaintiff from the dangerous condition proximately caused Plaintiff's injuries.

### VI. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT

11. At the time of the accident, Defendant negligently failed to maintain its premises in a safe and reasonable manner. Defendant had a duty to exercise ordinary care and reasonably and prudently maintain its premises safe for all people on the property. Defendant breached that duty in one or more way, each of which singularly or in combination with others was the proximate cause of the occurrence in question.

12. In addition, Defendants do not have in place policies or procedures that require, instruct, or direct its employees in making the premises reasonably safe. If such policies or procedures exist, then Defendants failed to enforce them. Defendants failed to train its employees in making the premises safe. And Defendants further failed to properly and adequately supervise and oversee its premises so as to prevent occurrences such as this one.

### VII. PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DEFENDANT

13. The Defendant had a duty to exercise the ordinary care of a premises operator and landlord to business invitees, i.e., the Plaintiff. The Defendant failed to make its premises safe for everyone entering the premises, including guests, invitees, and patrons. Defendant had actual and/or construction knowledge of this condition and failed to make safe or warn Plaintiff of the dangerous condition posed on Defendant's floor. This condition was not open or obvious, and Defendant was in the best position to make the condition safe.

### VIII. DAMAGES FOR PLAINTIFF

14. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff ANTONIA FANINI, was caused to suffer serious bodily injuries, and to incur the following

damages for which Plaintiff seeks monetary relief of over $250,000.00 but not more than $1,000,000.00:

 A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs, ANTONIA FANINI, for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

 B. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future;

 C. Physical pain and suffering in the past;

 D. Physical pain and suffering in the future;

 E. Physical impairment sustained in the past;

 F. Physical impairment sustained in the future;

 G. Loss of earnings in the past;

 H. Loss of earning capacity which will, in all probability, be incurred in the future;

 I. Mental anguish in the past; and

 J. Mental anguish in the future.

## IX. REQUIRED DISCLOSURE

15. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, ANTONIA FANINI, respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendants for damages in

an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

                Respectfully Submitted,

**KGS LAW GROUP**

By: */s/ Adelyn R. Torres*
Brandon A. Kinard
State Bar No. 24079744
Abraham Garcia
State Bar No. 24078005
Carlos A. Saldaña
State Bar No. 24086403
Alexander M. Menchaca
State Bar No. 24109546
Hector Salinas
State Bar No. 24051696
Adelyn R. Torres
State Bar No. 24115833
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
Telephone No. (281) 962-7772
Facsimile No.  (281) 962-7773
E-Service and Correspondence Email:
service5@kgslawpllc.com
**ATTORNEY FOR PLAINTIFFS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

BRANDON KINARD on behalf of ABRAHAM GARCIA
Bar No. 24078005
service@kgslawpllc.com
Envelope ID: 98819290
Filing Code Description: Petition
Filing Description: Petition
Status as of 3/24/2025 4:42 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Adelyn R. Torres | | service5@kgslawpllc.com | 3/24/2025 4:15:29 PM | SENT |

Case 4:25-cv-01981   Document 1-2   Filed on 05/01/25 in TXSD   Page 7 of 10

4/17/2025 4:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 99819403
By: Angelica Rodriguez
Filed: 4/17/2025 4:29 PM

CAUSE NO. 202519791

| | | |
|---|---|---|
| ANTONIA FANINI | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | 157TH JUDICIAL DISTRICT |
| | § | |
| FIESTA MART, L.L.C. | § | |
| | § | |
| DEFENDANT | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART, L.L.C., ("Defendant") files this Original Answer to Plaintiff's Original Petition and in support thereof, would respectfully show the Court the following:

### I. General Denial

1.  Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally deny each and every allegation made against Defendant in Plaintiff's Petition.

### II. Affirmative Defenses

2.  Defendant assert the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendants requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3.  Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4.  Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

HOULITIGATION: 1992531-1

EXHIBIT B

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

9. Defendant affirmatively pleads assumption of the risk and open and obvious condition.

### III. Prayer

FOR THESE REASONS Defendant respectfully pray that the Court enter a judgment that:

1. Dismisses all claims against Defendant FIESTA MART, L.L.C., and orders that Plaintiff take nothing by reason of Plaintiff's allegations.

2. Orders that Defendant FIESTA MART, L.L.C., recovers all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

HOULITIGATION: 1992531-1

a. Costs of suit; and

b. Such other and further relief, general and special, at law or in equity, to which Defendants may be justly entitled.

        Respectfully submitted,

        MEHAFFYWEBER, P.C.

        By:/s/*Maryalyce Cox*
        Maryalyce W. Cox
        State Bar No. 24009203
        One Allen Center
        500 Dallas St., Ste. 2800
        Houston, Texas 77002
        Telephone - (713) 655-1200
        Telecopier - (713) 655-0222
        maryalycecox@mehaffyweber.com

        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on April 17, 2025, pursuant to the Texas Rules of Civil Procedure.

        *Maryalyce Cox*
        Maryalyce W. Cox

HOULITIGATION: 1992531-1

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 99819403
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer
Status as of 4/17/2025 4:35 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lisa Redetzke | | lisaredetzke@mehaffyweber.com | 4/17/2025 4:29:37 PM | SENT |
| KGS LAWGROUP | | service5@kgslawpllc.com | 4/17/2025 4:29:37 PM | SENT |
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 4/17/2025 4:29:37 PM | SENT |
| Laura Joy | | laurajoy@mehaffyweber.com | 4/17/2025 4:29:37 PM | SENT |
| Andrea Fratus | | edocket@mehaffyweber.com | 4/17/2025 4:29:37 PM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 4/17/2025 4:29:37 PM | SENT |